### CARSTARPHEN v. WINDLEY et al.
#### Civ. 224.

United States District Court
E. D. North Carolina, Washington Division.
June 6, 1953.

Lemuel H. Davis, Raleigh, N. C., Robert H. Cowen, Williamston, N. C., for plaintiff.

Leggett & Fountain, Tarboro, N. C., for defendants.

GILLIAM, District Judge.

This action was brought by a former employee of defendants, doing business as Dixie Peanut Company, and engaged in the milling of peanuts under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.A. § 201 et seq., to recover unpaid overtime compensation, liquidated damages, and attorneys' fees. The suit was brought against the male persons constituting the partnership and their respective wives, but at the outset of the hearing a dismissal as to the wives was entered upon stipulation. The defendants conceded that the Fair Labor Standards Act was applicable to the employment of plaintiff during the period involved.

Though the complaint alleges unpaid overtime wages for a period beginning earlier than the week ending January 29, 1949, the plaintiff conceded that any claim for such unpaid wages prior to that week had been barred by the statute of limitations when the action was instituted. So that we are concerned with a period beginning with the week ending January 29, 1949, and extending through the week ending November 26, 1949, excepting the weeks ending May 7th and May 14th, respectively, during each of which weeks the plaintiff concedes he worked less than forty hours.

During each of the remaining weeks falling within the period mentioned, the plaintiff claims that he worked more than the minimum of forty hours, but that he was not paid for the overtime made. The defendants' defense to the plaintiff's claim is twofold: (1) that he did not work more than forty hours in any one of such weeks, and (2) that he was an exempt employee under Sec. 213(a) of the Act, as an "employee employed in a bona fide executive * * * capacity * * *"; and contends that if they are held liable at all to plaintiff, the Court in its discretion should award no liquidated damages because they have shown to the satisfaction of the Court that their action was taken in good faith and upon reasonable grounds for believing that it was not in violation of the Fair Labor Standards Act. Such discretion is allowed the Court by Sec. 260, Title 29 U.S. C.A.

We come to consider first the question whether the plaintiff was an exempt employee under Section 213(a) of the Act. Under the evidence and stipulations it is found that: during each of the weeks involved the plaintiff worked for the defendants at their mill as a weigher of peanuts and was paid a weekly salary or wage of $50; he received no further compensation; in addition to weighing peanuts as received, plaintiff supervised the activities of other employees who handled the peanuts during the weighing operations; he frequently took samples of peanuts as brought in, as did other employees; he recorded the weights, directed where they were to be

stacked, and likewise weighed the peanuts when taken from the stockpile for milling and processing, recorded such weights and in all cases turned in the records of the office; employees, ranging in number from eight to twenty, were under the plaintiff's direction and supervision during the weighing and stacking operations when peanuts were received, and during their removal from the stockpile for milling, and also while the milled peanuts were being moved to cars or trucks for shipment; the plaintiff ordinarily did not hire or fire the employees, but he did hire one or two employees to help out and on one occasion fired two employees; the matter of hiring and firing was handled by defendants' manager, but the suggestions of plaintiff in this respect were given particular weight; when plaintiff was not present or was otherwise engaged, the weighing was done by other employees, but plaintiff was in charge of the weighing and recording of the weights; occasionally, the plaintiff, when help was short, helped in the handling of peanuts in every step in their course from receipt until final out-shipment.

■ The burden of proving that the plaintiff was an exempt employee is upon the employer. The Act itself does not define the term "employee employed in a bona fide executive * * * capacity", as used in Section 13(a)(1), but Part 541.1 of the Regulations of the Administrator, 29 U.S.C. A.Appendix, which have the force of law, provides that the term "shall mean any employee—(A) whose primary duty consists of the management of the establishment in which he is employed or of a customarily recognized department or subdivision thereof, and (B) who customarily and regularly directs the work of other employees therein, and (C) who has the authority to hire or fire other employees or whose suggestions * * * as to the hiring or firing * * * will be given particular weight, and (D) who customarily and regularly exercises discretionary powers, and (E) who is compensated * * * on a salary basis at not less than $30 per week * * * and (F) whose hours of work of the same nature as that performed by nonexempt employees do not exceed 20 percent of the number of hours worked in the workweek by the nonexempt employees under his direction * * *."

■ To sustain the burden, the employer must prove that the employee comes within all the component parts of this regulation, since they are stated in the conjunctive. The cases so hold. George Lawley & Son Corp. v. South, 1 Cir., 140 F.2d at page 439, 444. It is doubtful whether the plaintiff comes within any of the six component parts other than (E) relating to minimum pay, though there may be argument that he also comes within parts (A), (B), (C) and (F). To my mind, however, it seems clear that he does not come within part (D), an employee "who customarily and regularly exercises discretionary powers". I feel satisfied that the regulation intended "discretionary powers" of a more important and dignified character than that exercised by this plaintiff—more than routine discretion exercised by every employee in the performance of his duties, more than mere discretion as to the mechanics of performance, but rather a discretion as to policy.

Thus, we reach the question whether the evidence establishes that plaintiff worked more than forty hours during any one or more of the weeks falling within the period in question. As to this question, the burden rests upon the plaintiff.

He claims that he worked the number of hours listed below during the weeks indicated:

| Week Ending | | Hours Worked | |
|---|---|---|---|
| January | 29, 1949 | 45½ – | $3.00 |
| March | 3, 1949 | 49¾ – | 4.87 |
| March | 12, 1949 | 47¼ – | 4.84 |
| March | 19, 1949 | 48½ – | 4.42 |
| March | 26, 1949 | 49 – | 4.59 |
| April | 2, 1949 | 49 – | 4.59 |
| April | 9, 1949 | 50¼ – | 5.12 |
| April | 16, 1949 | 66¼ – | 9.98 |
| April | 23, 1949 | 62 – | 8.80 |
| April | 30, 1949 | 57 – | 7.48 |
| May | 21, 1949 | 45¾ – | 3.16 |
| May | 28, 1949 | 47¾ – | 4.02 |
| June | 4, 1949 | 53½ – | 6.61 |
| June | 11, 1949 | 92½ – | 14.17 |
| June | 18, 1949 | 80 – | 12.40 |
| June | 25, 1949 | 53¾ – | 6.47 |

| July | 2, 1949 | 42 | – | 1.19 |
| November 12, 1949 | | 54½ | – | 6.67 |
| November 19, 1949 | | 62½ | – | 10.00 |
| November 26, 1949 | | 50½ | – | 5.25 |
| December 3, 1949 | | Not shown | | |

Plaintiff produced and introduced a tabulation of the hours worked which he testified was kept by him during the period and which bears out his claim. The defendants kept no record of plaintiff's time because, as they claim, it was their belief that he was an exempt employee. However, they insist that he did not work the hours alleged, and offered evidence that the mill was not in operation during some of the weeks in which the plaintiff claims to have worked a substantial number of overtime hours. But the fact that the mill was not in operation does not necessarily mean that the plaintiff was not on the job ready to perform services for his employers. It is well known that there is work to be done in and around a peanut mill, even though the actual milling of peanuts is not in process. If plaintiff was at the mill for work, subject to orders, he was working within the meaning of the Act. It is not incumbent upon the employee to prove that he was performing some service during every minute and hour of the time he was on the premises where he is employed to be. Plaintiff's contention is supported to some extent by other employers who stated that plaintiff was frequently at the mill in the morning when they arrived, and also when they finished the day's work. There appears to be no doubt that plaintiff worked long hours. He made a definite statement and produced a record to support his statement; defendants at most only expressed a doubt of the correctness of plaintiff's statement—they had no record. To find against plaintiff it would be necessary for me to find that he swore falsely where only a small amount of money is involved. I prefer the other course. His demeanor as a witness was favorable and there was nothing about the record which he produced to indicate that it was other than accurate and honest. According to this record and plaintiff's testimony during two of the weeks of the covered period the number of hours worked was less than the maximum of forty hours.

■ I find that the plaintiff worked the number of hours claimed during the period involved and that he is entitled to recover for the hours worked over forty hours in each week on the basis of one and one-half times the regular rate at which he was employed.

Inasmuch as plaintiff was paid a fixed salary or wage rather than an hourly rate, it becomes necessary to determine "the rate at which he (was) employed."

■ Where the employment is for a weekly wage with variable or fluctuating hours, the regular hourly rate for each week is determined by dividing the weekly wage by the number of hours worked in that week. Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 580, 62 S.Ct. 1216, 86 L.Ed. 1682. As by such computation the employee has been compensated at the regular rate for overtime, he is entitled in addition to an amount equal to the number of hours of overtime multiplied by one-half the regular rate, thus affording him the time and a half provided for in the Act. Accordingly, I find that the plaintiff is entitled to recover $127.59, compensation for the overtime during the period.

■ There remain the questions (1) should award liquidated damages be made, and (2) amount of attorneys' fees. Section 260 of the Portal-to-Portal Act provides that " * * * In any action commenced prior to or on or after May 14, 1947, * * if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the * * * Act * * * the court may, in its sound discretion, award no liquidated damages * * *."

With reference to this question, the Court finds facts as follows: During the period in question and prior thereto, W. C. Windley, one of the partners operating Dixie Peanut Company, was acting as Manager; between May 10, 1947, and June 14, 1947, the employees of the Company were checked

by Labor Department inspectors, Price and Pegram, and at that time Windley was advised by them that one H. S. Manning, who was then performing the identical services which were thereafter performed by plaintiff during the period here involved, was a foreman and, therefore, an exempt employee, and that it was not necessary to keep his time; plaintiff began his services on December 1, 1947, taking the place of Manning, who had died; during the week of May 3, 1948, the Company was again checked, this time by Inspector C. L. Richardson, when plaintiff was performing the identical services as during the period for which he now claims overtime pay; at this time Windley was not advised that plaintiff's time should be kept. Upon these facts I am satisfied that the action of defendants giving rise to this action were "in good faith and that (they) had reasonable grounds for believing that (their) act or omission was not a violation of the * * * Act * * *" Accordingly, no liquidated damages will be awarded.

The Court finds that the plaintiff is entitled to allowance of attorneys' fees and that the amount of $250 is fair and reasonable.

A judgment for plaintiff will be entered as follows: for $127.59, with interest from November 26, 1949, as compensation for overtime; for $250, attorneys' fees, to be paid one-half to Lemuel H. Davis, of Raleigh, North Carolina, and one-half to Robert H. Cowan, of Williamston, North Carolina.